NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 07 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BINOD KUMAR TIWARI, | No. 11-71937 |
| Petitioner, | Agency No. A099-361-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2014
San Francisco, California

Before: FISHER and PAEZ, Circuit Judges, and QUIST, Senior District Judge.[**]

Binod Kumar Tiwari, a native and citizen of Nepal, petitions for review of a

decision by the Board of Immigration Appeals (BIA) denying his application for

asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). Tiwari contends that the BIA erred in its determination that he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

failed to establish past persecution, a well-founded fear of future persecution, and entitlement to relief under the CAT. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Tiwari alleges that he left Nepal after a group of Maoist insurgents physically attacked him because he was a member of the police force and the National Democratic Party (NDP). The physical attack followed repeated threats and extortion demands from the Maoists. The BIA held that, although the actions of the Maoists were motivated by Tiwari's anti-communist political opinion, the harms inflicted upon Tiwari did not rise to the level of persecution.

We review the BIA's decision for substantial evidence. *Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 818 (9th Cir. 2004). We may reverse the BIA's decision only if the evidence compels the conclusion that the BIA's decision was incorrect. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

Persecution is defined generally as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (internal quotation marks omitted). To determine whether a petitioner endured treatment that rises to the level of persecution, the court should look to the "cumulative effect" of the incidents suffered. *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998).

2

Substantial evidence compels the conclusion that the harm Tiwari experienced rises to the level of persecution. Tiwari received a series of threatening phone calls from individuals that identified themselves as members of Maoist groups. The callers attempted to extort money from Tiwari, and demanded that Tiwari resign from the police force and the NDP and join the Maoists. The callers threatened Tiwari with bodily harm if he did not comply with their demands, and made at least one barely veiled threat against his life. Tiwari did not comply with the callers' demands, and he was ultimately accosted and beaten by members of a Maoist group. The cumulative effect of those incidents compels the conclusion that Tiwari suffered past persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007) ("Physical harm has consistently been treated as persecution."); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) ("[T]hreats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism."); *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("A single isolated incident may not rise to the level of persecution, but the cumulative effect of several incidents may constitute persecution." (alterations and internal quotation marks omitted)).

3

Because the evidence compels a finding of past persecution, Tiwari is entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). We remand to the BIA for further proceedings consistent with this disposition. *See id*. We do not address Tiwari's remaining arguments regarding the fear of future persecution or entitlement to relief under the CAT.

Costs are awarded to the petitioner.

The petition is **GRANTED**, the denial of asylum is **VACATED**, and the petition is **REMANDED** to the BIA for further proceedings.